**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2013

Lyle W. Cayce
Clerk

No. 12-30554
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINDA S. DUNN, also known as Linda S. Hinton,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-32-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Linda S. Dunn pleaded guilty to credit union fraud in violation of 18 U.S.C. § 1344 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The district court sentenced Dunn to concurrent terms of 97 months in prison.

Dunn argues that the district court committed reversible error when it did not make an explicit competency determination following her competency hearing. She asserts that because she was not competent, her guilty plea is unknowing and involuntary. We review this claim for plain error. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995).   Under the plain error standard, Dunn must show a clear or obvious forfeited error that affected her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Dunn makes the required showing, we retain the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Even if we assume that the district court committed an error that was clear or obvious, Dunn has not established that the error affected her substantial rights.  The record as a whole shows that Dunn was competent when she pleaded guilty.  Further, Dunn does not identify the proceedings that she was not able to comprehend, and she does not assert that she was unable to consult with her lawyer or participate in her defense.  *See Godinez v. Moran*, 509 U.S. 389, 396 (1993).  Accordingly, Dunn has not established that her substantial rights were affected by the district court's failure to make an explicit competency determination following her competency hearing.  *See United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012); *United States v. Hutson*, 821 F.2d 1015, 1018 (5th Cir. 1987).

Dunn also argues that her trial attorney performed ineffectively by failing to object to the district court's failure to make an explicit competency determination.  We generally do not consider ineffective assistance claims on direct appeal,.  *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).  The record in this case is not sufficiently developed for such a determination.  Accordingly, we decline to consider the issue.

AFFIRMED.